**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4850

ANTONIO KENYATTA WRIGHT,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-98-333)

Submitted: August 10, 2000

Decided: September 12, 2000

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Capers G. Barr, III, BARR, UNGER & MCINTOSH, L.L.C.,
Charleston, South Carolina, for Appellant. Matthew R. Hubbell,
Assistant United States Attorney, Charleston, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Antonio Wright appeals his conviction after a guilty plea to one count of money laundering, 18 U.S.C. § 1956 (1994), and one count of distribution of crack cocaine, 21 U.S.C. § 841(a)(1) (1994). He was sentenced to 180 months on each count, to run concurrently, followed by five years of supervised release. Wright's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues but stating that, in his view, there are no meritorious issues for appeal. Wright was informed of his right to file a pro se supplemental brief but has failed to do so. Finding no reversible error, we affirm. Counsel questions whether (1) the quantity of crack cocaine attributed to Wright at sentencing was supported by the evidence; (2) the district court erred in relying on hearsay evidence at sentencing; and (3) the district court erred in failing to sentence him at the low end of the guidelines range.

We find, first, that the district court did not clearly err in finding that Wright was responsible for at least 150 grams of crack cocaine because there was reliable evidence before the court that established that he personally distributed that amount. See United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996) (district court's finding concerning drug amounts attributable to a defendant are reviewed for clear error). We also find that the district court did not abuse its discretion in admitting hearsay testimony at Wright's sentencing hearing. See United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992) (the sentencing court may consider any relevant information, including hearsay evidence, provided that the information has "sufficient indicia of reliability to support its probable accuracy" (quoting U.S. Sentencing Guidelines Manual § 6A1.3(a) (1991)).

Finally, Wright challenges the district court's decision to impose sentence near the top of the guideline range of 151-188 months. However, a sentencing court has complete discretion to impose sentence at any point within a correctly calculated guideline range, and its decision is not reviewable on appeal. See United States v. Jones, 18 F.3d 1145, 1151 (4th Cir. 1994); United States v. Porter, 909 F.2d 789, 794-95 (4th Cir. 1990).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Wright's conviction and sentence.\* This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

\*We have considered the effect of <u>Apprendi v. New Jersey</u>, 530 U.S. ___, 68 U.S.L.W. 4576 (June 26, 2000) (No. 98-478), and find that, because Wright received a sentence of imprisonment and term of supervised release that did not exceed the statutory maximums set out in 21 U.S.C.A. § 841(b)(1)(C) (West 1999), no plain error occurred. <u>See</u> <u>United States v. Aguayo-Delgado</u>, ___ F.3d ___, 2000 WL 988128, at \*6 (8th Cir. July 18, 2000).

3